UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
WELLS FARGO BANK, NATIONAL
ASSOCIATION as Trustee for Option One
Mortgage Loan Trust 2007-1, Asset-Backed
Certificates, Series 2007-1,

                                  Plaintiff,

-against-                                 **REPORT &**
                                             **RECOMMENDATION**
                                             15-CV-2773 (LDW)(AYS)

OFRA LEVIN, J.P. MORGAN CHASE
BANK N.A., "JOHN DOE #1" through
"JOHN DOE #12," the last twelve names being
fictitious and unknown to plaintiff, the persons
or parties intended being the tenants, occupants,
persons or corporations, if any, having or claiming
an interest in or lien upon the premises described
in the Complaint,

                                  Defendant.
----------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

       This is an action to foreclose a mortgage on premises located at 960 Cliffside Avenue, Valley Stream, New York 11581 (the "Property") commenced in New York state court by plaintiff and counterclaim-defendant Wells Fargo Bank, National Association as Trustee for Option One Mortgage Loan Trust 2007-1, Asset Backed Certificates, Series 2007-1 ("Plaintiff") against Ofra Levin ("Defendant"). See Pl.'s Opp. at 1, Docket Entry ("DE") [28]. After asserting counterclaims alleging violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"); and the Fair Debt Collection Practices Act ("FDCPA"), Defendant removed the action to

this Court. See DE [1] ¶ 2. Presently before this Court, upon referral by the Honorable Leonard D. Wexler, see Order dated 12/07/2015, is a motion by Isaac Levin ("Levin") seeking to intervene in this action. DE [26]. For the reasons set forth below, this Court respectfully recommends that the motion be GRANTED.

## BACKGROUND

This action involves the foreclosure of a mortgage given by Defendant and encumbering real property located at 960 Cliffside Avenue, Valley Stream, New York 11581 (the "Property"). See Am. Compl. ¶¶ 8, 14, DE [18]. On August 14, 2006, Defendant borrowed the sum of $380,000 from Superior Home Mortgage. See id. ¶¶ 10-11; see also Pl.'s Opp. at 1. As security for repayment of this debt, Defendant executed and delivered a note and corresponding mortgage encumbering the Property in favor of Superior Home Mortgage, with Mortgage Electronic Registration Systems ("MERS"). See Pl.'s Opp. at 1; see also Am. Compl. ¶ 11. The note and mortgage were subsequently assigned and delivered to the Plaintiff and remain in Plaintiff's possession. Am. Compl. ¶¶ 12-15.

Defendant defaulted on her repayment obligation under the terms of the note and mortgage. Am. Compl. ¶ 17. On March 30, 2015, Plaintiff subsequently commenced the state court foreclosure action (the "State Court Action"). Id. ¶ 1. On May 13, 2015, Defendant removed the State Court Action to this Court asserting counterclaims involving federal questions pursuant to the Real Estate Settlement Procedures Act ("RESPA"), Truth in Lending Act ("TILA"), and the Fair Debt Collection Practices Act ("FDCPA"). Id. ¶ 2.

On October 22, 2015, Defendant's counsel filed a request to withdraw as counsel,

see DE [21], which this Court granted on November 12, 2015. See Order dated 11/12/2015. Defendant was granted thirty days in which to obtain new counsel or notify this Court that she intends to proceed pro se. Id. To date, Defendant has done neither. On November 20, 2015, Levin, Defendant's husband, filed the instant motion seeking to intervene. See DE [26].

Levin asserts that due to the marital relationship between him and the Defendant, he has shared ownership of the Property, see Reply Br. at 4-6, DE [30], and that both his and his wife's rights are no longer adequately protected because Defendant is no longer represented by counsel in this action. Id. at 6-7.

Plaintiff opposes Levin's motion to intervene arguing that it is untimely because it was filed nearly eight months after the commencement of this action, see Pl.'s Opp. at 5, and that Levin cannot demonstrate impairment of his interest or the absence of adequate protection as required for intervention. See id. at 5-6.

## DISCUSSION

I.   Legal Standard Under Federal Rule of Civil Procedure 24

Pursuant to FED. R. CIV. P. 24(a), a putative intervener of right must establish four criteria: "the applicant must (1) file a timely motion; (2) claim an interest relating to the property or transaction that is the subject of the action; (3) be so situated that without intervention the disposition of the action may impair that interest; and (4) show that the interest is not already adequately represented by existing parties." Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 176 (2d Cir. 2001). "Failure to satisfy any one of these requirements is a sufficient ground to deny the application." Sec. Pacific Mortg. and Real Estate Servs., Inc. v. Republic of Philippines, 962 F.2d 204, 208 (2d Cir.

3

1992) (quoting Farmland Dairies v. Comm'r of N.Y. Dep't of Agric., 847 F.2d 1038, 1043 (2d Cir. 1988)).

For a party to intervene in a case as of right under Rule 24(a)(2), that party must have an interest in the case that is "'direct, substantial, and legally protectable.'" United States v. Peoples Benefit Life Ins. Co., 271 F.3d 411, 415 (2d Cir. 2001) (quoting Washington Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990)). According to the Second Circuit, "[a]n interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." Washington Elec., 922 F.2d at 97.

Intervention may also be granted on a permissive basis under FED. R. CIV. P. 24(b). Rule 24(b) provides in part:

> On timely motion, the court may permit anyone to intervene who:…(B) has a claim or defense that shares with the main action a common question of law or fact.... In exercising its discretion the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Permissive intervention is thus within the court's broad discretion. Diversified Grp., Inc. v. Daugerdas, 217 F.R.D. 152, 157 (S.D.N.Y. 2003); see U.S. Postal Serv. v. Brennan, 579 F.2d 188, 192 (2d Cir. 1978). In exercising that discretion, courts consider factors that include "'the nature and extent of the intervenors' interests,' the degree to which those interests are 'adequately represented by other parties,' and 'whether parties seeking intervention will significantly contribute to [the] full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.'" Id. (quoting H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys.,

4

Inc., 797 F.2d 85, 89 (2d Cir. 1986)). It is notable that "[t]he test is flexible and courts generally look at all of the factors rather than focusing narrowly on any one of the criteria." Mass. Bricklayers and Mason Funds v. Deutsche Alt–A Secs., 273 F.R.D. 363, 365 (E.D.N.Y. 2011).

In considering a motion to intervene, the court must accept as true non-conclusory allegations of the motion. Oneida Indian Nation of Wisc. v. New York, 732 F.2d 261, 265 (2d Cir. 1984); Sackman v. Liggett Group, Inc., 167 F.R.D. 6, 20 (E.D.N.Y. 1996). Allegations that are frivolous on their face need not be considered by the court. Bay Casino, LLC v. M/V Royal Empress, 199 F.R.D. 464, 466 (E.D.N.Y. 1999). In addition, "an application to intervene cannot be resolved by reference to the ultimate merits of the claims which the intervenor wishes to assert following intervention...." Brennan v. N.Y.C. Bd. of Educ., 260 F.3d 123, 129 (2d Cir. 2001). The putative intervenor has the burden of showing a right to intervene. In re NASDAQ Market–Makers Antitrust Litig., 187 F.R.D. 465, 490 (S.D.N.Y. 1998); Diduck v. Kaszycki & Sons Contractors, Inc., 149 F.R.D. 55, 58 (S.D.N.Y. 1993).

    A.     Intervention As Of Right

1.     Timeliness

The timeliness of a Rule 24 motion "defies precise definition." In re Holocaust Victim Assets Litig., 225 F.3d 191, 198 (2d Cir. 2000). Factors to consider include: "(a) the length of time the applicant knew or should have known of its interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness." Id.

Here, despite the fact that Levin has known of this litigation since the outset, the instant motion was not filed until eight months after the commencement of the action. The delay is understandable because during that time period the matter has been removed from state court, pleadings were amended, and although a discovery schedule has been issued, no significant discovery exchange has occurred. Further, due to the withdrawal of Defendant's counsel, the matter was stayed for thirty days, with the instant application following less than three weeks later.

This Court can discern of no prejudice to Plaintiff resulting from the length of time that Levin took to make the instant motion. Nor can it perceive any unusual circumstances militating against a finding of timeliness. On the contrary, as the case has barely progressed past the pleading stage, it's this Court's view that there is no substantial risk of prejudice to the existing parties' by deeming the instant application timely.

2.   Interest

Pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1311, occupants of a property are deemed necessary parties to a mortgage foreclosure action. Plaintiff asserts, and this Court agrees, that Levin's interest in this action is that of an occupant of the Property. However, Levin's status as a necessary party occupant does not provide a basis for intervention because his interest would not be affected in his absence. See Empire Sav. Bank v. Towers Co., 54 A.D.2d 574, 574, 387 N.Y.S.2d 138, 139 (2d Dep't 1976) ("The interest of an occupant of the mortgaged premises who is not served remains unaffected by the foreclosure."). Further, the absence of a necessary party does not preclude the entry of a judgment of foreclosure and

6

sale against the named parties. Polish Nat. All. of Brooklyn, U.S.A. v. White Eagle Hall Co., 98 A.D.2d 400, 406, 470 N.Y.S.2d 642 (2d Dep't 1983). Thus Levin fails to satisfy the third prong, an impairment of his interest, because the foreclosure could proceed without affecting Levin's rights as an occupant

Moreover, the rights asserted by Defendant, the obligor and mortgagor, are greater than any rights that could be asserted by Levin, as just an occupant of the Property. As an occupant, Levin may only claim a right of possession. As the owner-mortgagor of the Property, Defendant's bundle of property rights includes the right to possession. See Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419, 102 S. Ct. 3164, 73 L. Ed. 2d 868 (1982); see also Seawell Assocs..v. City of New York, 74 N.Y.2d 92, 103, 542 N.E.2d 1059, 1063 (1989) ("Under the traditional conception of property, the most important of the various rights of an owner is the right of possession . . ."). The right to possession is greater than any interest Levin may claim as an occupant. Therefore, as the owner-mortgagor, Defendant's defense of this action is sufficient to protect any right of possession Levin may claim as just an occupant. Accordingly, there is no basis for intervention as of right.

B. Permissive Intervention

Rule 24(b)(3) directs that a district court must consider whether permissive intervention would "unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3). Otherwise, a district court "has broad discretion to [grant or] deny an applicant's motion for [permissive] intervention [.]" N.Y. News, Inc. v. Kheel, 972 F.2d 482, 487 (2d Cir. 1992). The court "considers substantially the same

7

factors" for intervention as of right or permissive intervention.  R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp., 467 F.3d 238 240 (2d Cir. 2006) (citations and internal quotation marks omitted).  This includes "the nature and extent of the intervenors' interests" and "the degree to which those interests are adequately represented by other parties [.]"  H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc., 797 F.2d 85, 89 (2d Cir. 1986) (internal quotation marks omitted).  This also includes "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented."  Id. (internal quotation marks omitted).

The affirmative defenses that Levin seeks to assert clearly have questions of law and fact in common with those asserted by Defendant.  See Reply Br. at 8-9.  Permitting Levin to intervene will not unduly prejudice Plaintiff or delay this case as discovery is in the relatively early stages and Defendant and Levin should be seeking similar information from Plaintiff and advancing similar legal theories.  Therefore, this Court recommends permitting Levin to intervene under FED. R. CIV. P. 24(b)(2).

This Court cautions Levin that while he may intervene in this action he must intervene on his own behalf and serve his own pleadings. Levin's marital relationship with Defendant does not provide him any greater rights and does not allow him to litigate on her behalf.  Defendant may choose to retain her own separate counsel or litigate on her own behalf, but Levin may not represent Defendant in this action.

## **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Isaac Levin's

motion to intervene be granted.

## **OBJECTIONS**

A copy of this Report and Recommendation is being provided to Plaintiff's counsel via ECF. Furthermore, the Court directs Plaintiff's counsel to (1) to serve a copy of this Report and Recommendation by first class mail to Isaac Levin and Defendant at their last known addresses, and (2) to file proof of service on ECF within two days. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); FED. R. CIV. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court of Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Dated: Central Islip, New York
       June 6, 2016

                                              /s/ Anne Y. Shields
                                              ANNE Y. SHIELDS
                                              United States Magistrate Judge