UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
WELLS FARGO BANK, NATIONAL ASSOCIATION
AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN
TRUST 2007-1, ASSET-BACKED CERTIFICATES,
SERIES 2007-1,

                                           Plaintiff,                      <u>MEMORANDUM AND ORDER</u>

     -against-                                           CV 15-2773 (LDW) (AYS)

OFRA LEVIN, *et al.*,

                                          Defendants.
----------------------------------------------------------------------X

WEXLER, District Judge

      Plaintiff Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2007-1, Asset-Backed Certificates, Series 2007-1, commenced this foreclosure action in New York State Supreme Court, Nassau County, against defendants Ofra Levin and JP Morgan Chase Bank, N.A., to foreclose on a mortgage of real property (located in Valley Stream, New York) securing a promissory note executed by defendant Ofra Levin. Plaintiff asserted no federal claims in the complaint. Before answering the complaint, defendant Ofra Levin filed a Notice of Removal in this Court, purporting to remove the state court foreclosure action based on the existence of federal question jurisdiction arising from plaintiff's alleged violations of various federal laws regarding "the origination, the underwriting, and the servicing of Defendants' [sic] loan," including the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* *See* Notice of Removal [DE 1]. One month after removal, defendant Ofra Levin filed an answer to the complaint, asserting, *inter alia*, an affirmative

defense based on violation of the TILA and counterclaims for violations of the FDCPA, the National Housing Act, 12 U.S.C. § 1701x(c)(5), and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* *See* Answer of Defendant Ofra Levin to Plaintiff's Complaint, with Affirmative Defenses and Counterclaims [DE 7].

Upon review of the file, this Court concludes that it lacks subject matter jurisdiction over this action, as it was improperly removed. Where, as here, there is no allegation of diversity jurisdiction, removal requires federal-question jurisdiction.[1] "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In applying this rule to a removed action, "[t]he relevant inquiry is whether the plaintiff would have been entitled to file its complaint originally in federal court rather than state court. Specifically, the court must evaluate whether a plaintiff's original cause of action arises under the United States Constitution or Federal Law." *Town of Southold v. Go Green Sanitation, Inc.*, 949 F. Supp. 2d 365, 370 (E.D.N.Y. 2013). Plaintiff's state court foreclosure action did not arise under federal law. No federal question was presented until defendant Ofra Levin interposed an affirmative defense and counterclaims in her pleading after removal. Thus, there is a lack of subject matter jurisdiction, and the action must be remanded–even though no party brought this matter to the Court's attention. *See* 28 U.S.C. § 1447(c); *see, e.g.*, *Studebaker-Worthington Leasing Corp. v. Michael Rachlin & Co.,* 357 F. Supp. 2d 529, 533-36 (E.D.N.Y.2004) (applying

---

[1] Notably, even where there is diversity, removal based on diversity jurisdiction is not permitted "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b)(2).

well-pleaded complaint rule and remanding case to state court because no federal question was presented in pleadings until defendant's counterclaim); *see also Durant, Nichols, Houston, Hodgson, & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action sua sponte."); *Santamaria v. Krupa*, No. 15-cv-6259 (DLI), 2015 WL 6760140, at *2 (E.D.N.Y Nov. 5, 2015) ("[S]ua sponte remand is proper at any time if the district court finds that it does not possess subject matter jurisdiction." (citing *Mitkovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 133-34 (2d Cir. 2006))).

Accordingly, this action is remanded to the state court. The Clerk of Court is directed to close the file.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
December 2, 2016